IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ERIC FUSELIER                                                                                    PETITIOINER

VERSUS                                                               CIVIL ACTION NO. 2:07cv165KS-MTP

GLENN HAMILTON, ET AL                                                                         RESPONDENTS

### ORDER

This matter is before the court on a Motion for Reconsideration **[#12]** filed on behalf of the petitioner by his *pro bono* counsel.  The court, having reviewed the motion, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the petitioner's motion should be granted but that the previously entered order adopting the R&R of the magistrate judge should not be set aside.  On July 25, 2008, this court adopted an R&R from the magistrate judge and dismissed this case with prejudice and the petitioner now asks the court to reconsider that ruling.

The Federal Rules do not recognize a "motion for reconsideration" as such. However, the Fifth Circuit has consistently stated that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). The proper denomination of the motion is determined by the time within which the motion is served.  If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).  The present motion was filed within ten days of rendition of the original judgment, thus it will be considered under

Rule 59(e).

"A motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) . . . . Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 353, 355 (5th Cir. 1993). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

Petitioner's counsel states that he received through the court's electronic filing

system the Judgement of this court in this action, Doc. 10, on July 25, 2008. In making reference to the Report and Recommendation of the Magistrate Judge, counsel asserts that he did not have said Report before him. However, the magistrate judge's Report was issued on June 18, 2008, Doc. 7, and adopted by this district judge on July 25, 2008, Doc. 9. The Docket entries do show that the Report of the Magistrate Judge was sent directly to the petitioner, but not his counsel, serving in a *pro bono* capacity. Therefore, after review of the Magistrate's Report, Fuselier under Rule 59 submitted additional objections to the R&R for the court's reconsideration. Based on the foregoing, the court grants the petitioner's Motion for Reconsideration **[#12]**.

When a party objects to a Report and Recommendation this court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this court will examine the entire record and will make an independent assessment of the law. The court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

The petitioner's objections merely repeat the same arguments presented to the magistrate judge in his response to the summary judgment motion.  They are merely conclusive and present nothing new that was not considered by the magistrate judge.  As required by 28 U.S.C. § 636(b)(1) this court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this court concludes that the petitioner's objections filed by his counsel lack merit and should be overruled.

The court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards and that this court's previous order adopting the R&R **[#9]** is reaffirmed in its entirety.  Therefore, even after reviewing the additional objections of counsel for the petitioner, the court again accepts, approves and adopts the magistrate judges's factual findings and legal conclusions contained in the Report and Recommendation.  Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation **[#7]** recommending that the Respondents' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted **[5]** be and the same is hereby granted and this case is dismissed with prejudice.  The petitioner's request for an evidentiary hearing is denied.  A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 27th day of August, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE